## BEW v. UNITED STATES.

Court of Claims. December 2, 1929.
No. H–389.

R. Palmer Ingram, of Baltimore, Md., for claimant.

Before BOOTH, Chief Justice, and GREEN and GRAHAM, Judges.

GREEN, Judge. The plaintiff brings this suit to recover taxes paid by him on income derived solely from his earnings as a Virginia pilot during the years 1920 to 1925. Counsel for plaintiff states in his brief that: "It involves the single question whether the plaintiff is an officer or servant of the State of Virginia whose earnings were derived from the exercise of a governmental function."

In considering the question of whether the plaintiff was an officer of the state, we find that the courts have been unable to frame a definition which will meet the requirements of the case; and that because of the variety of meanings or shades of meaning in which the terms "office" and "officer" may be employed, each case must be determined by a consideration of the statutes of the state which apply to the position under consideration, together with the particular facts and circumstances involved.

In the instant case, it appears that the plaintiff was what is called a branch pilot. He was licensed under the laws of the state of Virginia. The license was obtained through examination by a board created by statute for the purpose of determining the qualifications of pilots. The laws of Virginia require that pilots give a bond, have certain equipment, fix the amount of fees which they may charge, and also to a certain extent regulate the performance of their duties. The law also provides for their removal or suspension for specified causes. But all this, in our opinion, was merely a matter of regulation and in so doing the state was merely exercising a power which has often been used with reference to other callings and professions.

The plaintiff received no compensation from the state, and his income from his calling was derived solely from fees paid him by parties making use of his services. Any resident of the state of Virginia is eligible to become a branch pilot, and the adoption of apprentices into the service is determined by the pilots themselves, who constitute a voluntary association. When the pilots consider that the needs of commerce demand an increase in their number, they select the required number of young men as apprentices and train them until they become qualified to undergo examination, when, if successful, they receive their licenses as pilots.

In order to exempt the plaintiff from the payment of the tax, it must appear that the collection thereof in some way prevented the state from exercising some governmental function, or in some way impaired its ability to make use of such function. In other words, the tax is a valid one if it does not in any way interfere with the state exercising its powers of government under the Constitution.

We do not think the plaintiff was a public officer. To be a public officer he must have held an office as a part of the state government. The term "office" implies a delegation to a certain extent of sovereign power to it, and possession of it by the person filling the office; that is, an authority is conferred to exercise some portion of the sovereign power of the state either in making, administering, or executing the laws. See cases cited in 46 Corpus Juris, 923, note 30(a). The fact that the plaintiff was licensed by the state of Virginia was not enough to make him an officer or agent of the state, nor did the fact that his duties were to a certain extent regulated by the state make him an officer of the state. If this were not the rule, a pawnbroker in many states would be a state officer. The statutory provisions with reference to his appointment, the fees which he might charge, and the duties which he was to perform, were instances of exercise of sovereign power on the part of the state, but he was not acting for the state, exercising any of its public functions, or aiding in carrying out any of its sovereign powers when, in the course of his employment, he directed the course of vessels so that they might neither be injured themselves nor injure others, which was his principal duty as a pilot. The state provided a board for the examination of pilots, similar to boards that are provided for the examination of doctors and lawyers. The object and purpose in creating such boards obviously is to determine the qualifications of those who intend to enter the ranks of these professions and prevent the public from receiving damage which might occur from the admission to practice in a profession or calling of incompetent or unworthy individuals. It is often said that lawyers are officers of the court, but we think that no one would contend that the income which they receive from their private practice was not subject to taxation. It will be observed also that the state had no voice in determining who might become branch pilots. This matter was determined entirely by the pilots' association.

On the whole, we conclude that the plaintiff was not a public officer of the state of Virginia, and that a tax levied upon the income of branch pilots, derived through their services as pilots, would not hinder, restrain, or interfere with the state of Virginia in ex-

ercising any governmental function. It follows that plaintiff is not entitled to have refunded the taxes involved herein.

These views make it unnecessary for us to determine to what extent the plaintiff may be barred from a recovery of any of the tax paid by reason of having failed to file a claim for refund within the time prescribed by law.

The petition of plaintiff must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and GRAHAM, Judge, concur.

WILLIAMS and LITTLETON, Judges, did not hear and took no part in the decision of this case.